<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No.: 05-722 (FSH) |
|  | Hon. Faith S. Hochberg, U.S.D.J. |
| v. | **OPINION & ORDER** |
| HAKAN OZCELIK | Date: July 20, 2007 |

**<u>HOCHBERG, District Judge:</u>**

This matter having come before the Court on the government's Motion Pursuant to Fed. R. App. P. 10(e) to Correct the Record, and the Court having heard oral argument on this motion on April 17, 2007; and

it appearing that Fed. R. App. P. 10(e) allows for "[c]orrection or [m]odification" of the record on appeal "by the district court before or after the record has been forwarded" if anything "material to either party is omitted from or misstated in the record by error or accident;" Fed. R. App. P. 10(e); and

it appearing that the purpose of this rule is to ensure that the record available to the Court of Appeals accurately reflects what occurred below, see <u>In re: Application of Ariel Adan</u>, 437 F.3d 381, 388-89 n.3 (3d Cir 2006) (citing <u>United States ex rel. Mulvaney v. Rush</u>, 487 F.2d 684, 687 n. 5 (3d Cir.1973)); and

it appearing that the trial judge's determination as to the correctness of the record is conclusive, "unless intentionally false or plainly unreasonable," <u>United States v. Brika</u>, 416 F.3d 514, 530 (6th Cir. 2005) (internal citation omitted), <u>cert</u>. <u>denied</u>, 126 S.Ct. 1418 (2006); and

it appearing that the government seeks to correct two portions of a sentence from the March 20, 2006 trial transcript in this case, wherein the court reporter was transcribing the Court's oral recitation of the Joint Requests to Charge prior to jury deliberation; and

it appearing that the parties agreed to Joint Requests to Charge,[1] the relevant portion of which requested that the Court instruct the jury as follows: "An official act means any decision or action *on* any question or matter which may at any time be pending or which may by law be brought before any public official in *his or her official capacity* or in his or her place of trust," (emphasis added), see Joint Requests to Charge, at 9 [Docket #57]; and

it appearing that the trial transcript from March 20, 2006 of the that excerpt reads as follows: "An official act means any decision or action *or* any question or matter which may at any time be pending or which may by law be brought before any public official in his or her *[ ]* capacity or in his or her place of trust" (emphasis added); see Transcript of March 20, 2006 Trial Proceedings, at 1149; and

it appearing that the two problematic portions of the transcript are (1) that the word "on" in the Joint Requests to Charge is transcribed as the word "or" in the trial transcript, and (2) that the phrase "in his or her official capacity" in the Joint Requests to Charge is transcribed simply as "in his or her capacity" in the trial transcript; and

it appearing that James Nobile, who served as the Assistant United States Attorney during Defendant's trial, testified that he was – as was his practice – following along with the Court's

---

[1]In its April 10, 2007 letter to the Court and again at oral argument, the government requested that the copy of the parties' Joint Requests to Charge which was given to the jury during their deliberations (and which was already incorporated by reference into the record) be docketed by this Court.  As Defendant had no objection, see Transcript of April 17, 2007 Hearing, at 9, this Court docketed the Joint Requests to Charge. [Docket #57]  The written embodiment of the Joint Requests to Charge was sent to the jury prior to deliberations.

oral instructions on a printed copy of the Joint Requests to Charge to determine whether there were any variations between the agreed-upon Joint Requests to Charge and the Court's oral recitation of those Joint Requests to Charge, <u>see</u> Transcript of April 17, 2007 Hearing at 13-20; and

it appearing that Mr. Nobile testified that he "was noting [on that printed copy] if there were any deviation[s] from the judge's oral instructions to the jury versus what [he] had typewritten in front of me," and that while Mr. Nobile testified that he did not always note every variation between the transcript and the written charge, he did his "best to keep an ear on what the Judge [was] saying, and to double check that against the typewritten instructions," <u>see</u> Transcript of April 17, 2007 Hearing, at 13-14; and

it appearing that Mr. Nobile made no notations that there had been any errors in the Court's oral reading of this sentence,[2] <u>see</u> Transcript of April 17, 2007 Hearing at 12-19; <u>see also</u> Government's Exhibit No. 2, for the April 17, 2007 Hearing; and

it appearing that Mr. Nobile also made no objections at the end of the Court's recitation based on discrepancies between the written jury charge and the oral reading of the jury charge, <u>see</u> Transcript of April 17, 2007 Hearing, at 18; and

it appearing that based on the lack of notations in his written copy and his failure to make any objections following the reading of the jury charge, Mr. Nobile testified that he did not recall that there were any discrepancies in the pertinent sentence between the written jury charge and the oral recitation of it, <u>see</u> Transcript of April 17, 2007 Hearing, at 15; and

it appearing that Defendant's trial counsel, Henry E. Klingeman, Esq., did not specifically

---

[2] Mr. Nobile's printed copy of the Joint Requests to Charge does include a number of notations on other pages where the Court's oral recitation of the Joint Requests to Charge <u>did</u> vary from the agreed-upon written version of the Joint Requests to Charge.

recall whether the Judge said "on" or "or" when reading the instructions,[3] but that he also "[did not] recall the Judge making any errors that [he] corrected or noted," see Transcript of April 17, 2007 Hearing, at 7; and

it appearing that when the Court asked counsel immediately after oral reading of the charge whether there were "any error[s] ... in [the Court's] instructions," Mr. Klingeman stated that he had heard none, see Transcript of March 20, 2006 Trial Proceedings, at 1178; and

it appearing that John Stone, the court reporter at Defendant's trial, testified that his general practice when transcribing jury instructions as read by the Court is to "take everything down verbatim" and then, when compiling the final transcript, to refer to the written copy of the jury charge "if I have any questions in my own mind that I may have mis-transcribed something," see Transcript of April 17, 2007 Hearing, at 21; and

it appearing that at the time Mr. Stone was transcribing the portion of the transcript in question, he was not prompted by any obvious ambiguities in his notes to look at the jury charge, but that he "may have had uncertainty with respect to the words 'action on'" because "the steno outline was not a perfect steno outline," see Transcript of April 17, 2007 Hearing, at 25-26; and

it appearing that Mr. Stone testified that when re-reviewed his original shorthand notes of the first portion of the transcript in question, he concluded that he had "probably mis-transcribed the 'or act or any' aspect of the transcript,'" see Transcript of April 17, 2007 Hearing, at 23, 29-32; and

---

[3]Mr. Klingeman advised the Court that he also had been following along with a written copy of the Joint Requests to Charge as the Court read those requests to the jury, but that neither he nor appellate counsel (who has access to Mr. Klingeman's trial files) knew where that copy was currently located.  See Transcript of April 17, 2007 Hearing, at 2-3.

it appearing that Mr. Stone testified that when he re-reviewed his original shorthand notes of the second portion of the transcript in question, he did not find any keystrokes to indicate that the Court had uttered the word "official," but that it was "possible" that the Court had spoken that word and Mr. Stone had failed to transcribe it, see Transcript of April 17, 2007 Hearing at 24, 34-35; and

it appearing that at the April 17, 2007 hearing, it was discovered that the March 20, 2006 transcript contains several other instances of incorrect transcription,[4] so that there is a reasonable likelihood that mistakes were also made in transcription in this portion of the transcript; and

it appearing that the Court has no independent recollection of mis-speaking or of orally editing the portion of the jury charge in question as the Court read it aloud; and

the Court finds that the written version of the jury charge was correctly read by the Court to the jury in that the court stated "on" and not "or," and stated "official," and that the jury also received the written version, which includes these same words;

**IT IS** on this 20th day of July, 2007, hereby

**ORDERED** that the Government's Motion to Correct the Record is **GRANTED** in all respects.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

[4] For example, on the same page of the transcript as the contested sentence, Mr. Stone testified that also he mis-transcribed the phrase "it is not a defense" as "it is not *any* a defense" (that is, by accidentally adding the word "any"), see Transcript of April 17, 2007 Hearing, at 35-36.